NO. 07-04-00280-CR


IN THE COURT OF APPEALS


FOR THE SEVENTH DISTRICT OF TEXAS


AT AMARILLO


PANEL B


NOVEMBER 2, 2005


 

BRIAN CAVAZOS, APPELLANT


V.


THE STATE OF TEXAS, APPELLEE


___________________________________


FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;


NO. 2002-401,544; HONORABLE CECIL PURYEAR, JUDGE


_______________________________________


Before QUINN, C.J., and CAMPBELL and HANCOCK, J.J.

MEMORANDUM OPINION


 Appellant, Brian Cavazos, appeals from convictions in two paragraphs for two
separate charges of burglary of a habitation with intent to commit sexual assault and
resulting punishments of confinement for a period of ten years probated for a period of ten
years and a fine of $7,500.00, not probated, on each paragraph. By three issues,
appellant contends that the trial court erred in (1) denying appellant's motion to suppress
oral statements made by appellant concerning extraneous bad acts because the same
were irrelevant, (2) admitting the investigating officer's testimony concerning the
statements of appellant about extraneous bad acts when offered, pursuant to Texas Rule
of Evidence 404(b), to prove identity, and (3) admitting the investigating officer's testimony
concerning appellant's statements about extraneous bad acts because the probative value
of said statements was substantially outweighed by the danger of unfair prejudice, in
violation of Texas Rule of Evidence 403. (1) We affirm the judgment.

Factual Background


 On June 23, 2002, Jennifer Bittle and Amber Slayton (collectively, the victims) were
at Bittle's apartment when, at approximately 3:30 a.m., someone knocked on the
apartment door. When Bittle answered the knock, the person, whom the victims did not
know, asked if this was where the party was at. The person then forced his way inside the
apartment. The intruder told the victims that he had a gun and demanded their money. 
After the victims informed the intruder that they had no money, the intruder advised the
victims that he had always had a fantasy about having sex with a white woman. The
intruder then ordered the victims to disrobe. The victims refused to disrobe and were
successful in diverting the intruder's attention to other matters. Eventually, the intruder
agreed to leave and showed the victims that he did not have a gun. The intruder obtained
a promise from the victims that they would not call the police and, after getting a hug from
each, left the scene. 

 On August 16, 2002, the victims were at the Midnight Rodeo nightclub where they
saw appellant and agreed that he was the intruder of June 23rd. The victims notified the 
police who spoke with, but did not arrest, appellant. Subsequently, appellant was
contacted by Detective Rick Calderon of the Lubbock Police Department. Calderon asked
appellant to come to the station to talk to him. While visiting with Calderon, appellant
stated that he had previously gone to apartments requesting directions to parties. 
Appellant was not detained after this initial interview, but was later asked to come back to
sign a statement, which he refused to do. 

 Before trial, appellant filed a motion to suppress the statements he had made to
Calderon. Following a hearing, the trial court denied the motion. At trial, appellant
vigorously contested the victims' identification of him as the intruder. Appellant argued that
he did not meet the description of the intruder that the victims gave soon after the incident. 
Appellant renewed his objection to testimony about the statements he made to Calderon
and challenged the State's position that these statements were direct evidence of the
charged offenses. 

Rules 401 and 402


 Appellant's first issue contends that Calderon's testimony relating appellant's oral
statements was not relevant to any issue before the jury and, therefore, was inadmissible
under Rules 401 and 402. On appeal, the trial court's decision to admit evidence is
reviewed under an abuse of discretion standard. Torres v. State, 71 S.W.3d 758, 760
(Tex.Crim.App. 2002). As long as the trial court's ruling is within the zone of reasonable
disagreement, the appellate court will not intercede. Montgomery v. State, 810 S.W.2d
372, 391 (Tex.Crim.App. 1990) (op. on reh'g). It is only where the appellate court can say
with confidence that by no reasonable perception of common experience can it be
concluded that the proffered evidence has a tendency to make the existence of a fact of
consequence more or less probable than it would otherwise be that the trial court has
abused its discretion in admitting the evidence. Id. 

 As defined by Rule 401, relevant evidence is evidence that has any tendency to
make the existence of any fact that is of consequence to the determination of the action
more probable or less probable than it would be without the evidence. Rankin v. State, 974
S.W.2d 707, 718 (Tex.Crim.App. 1998). Appellant's argument is that Calderon's
testimony relayed information that would be known to any resident of Lubbock and,
therefore, would not be of such a nature as to make a fact of consequence more probable
and, accordingly, was not relevant. While this may be a fair characterization of that portion
of the testimony as it relates to the location of the apartment in question, the entirety of the
testimony must be considered. Appellant's statements to Calderon indicated that (1) he
went to apartments looking for a party, (2) the apartments were in the same area as the
Brentwood Apartments, where the crime occurred, (3) the apartment was occupied by two
white females, (4) the hair color of the females matched that of the victims, (5) he entered
without permission, and (6) upon leaving, he had asked for a hug. We conclude that the
similarities between the event described by appellant and the victims' description of the
crime are sufficient that this evidence makes it more probable that appellant committed the
charged offense. Therefore, we cannot say that the trial court abused its discretion in
admitting the evidence.

 Having determined that the evidence was relevant, appellant's argument that
Calderon could not specify the time or place of the event appellant described goes to the
weight to be given the evidence rather than to its admissibility. However, the fact finder is
the exclusive judge of the weight to be given the evidence and we may not disturb the
jury's determination absent a showing that the verdict is so against the great weight of the
evidence as to be clearly wrong or unjust. Tex. Code Crim. Proc. Ann. § 38.04 (Vernon
2005); Clewis v. State, 922 S.W.2d 126, 135 (Tex.Crim.App. 1996). Appellant's contention
does not meet this high burden. 

 We cannot say that the trial court's decision to admit Calderon's testimony was an
abuse of discretion. Appellant's first issue is overruled.

 Rule 404(b)


 Appellant next contends that the testimony of Calderon was admitted as an
exception to Rule 404(b) and was admitted to prove identity. Appellant's argument is that
the testimony of Calderon lacked the similarity of characteristics to the charged offense to
mark the acts as appellant's handiwork. To support this proposition, appellant cites the
court to Bishop v. State, 869 S.W.2d 342 (Tex.Crim.App. 1993). While Bishop does stand
for the proposition put forth by the appellant, appellant's reliance on it is misplaced. The
State maintained throughout the trial that the testimony of Calderon was direct evidence
of the crime that also tended to prove identity. Appellant seems to believe that since the
State's brief, filed in response to the brief filed by appellant in support of his motion to
suppress, indicated that the State needed the testimony to prove the issue of identity, the
testimony must be of an extraneous bad act. However, a close review of the record
discloses that the appellant's only trial arguments regarding Calderon's testimony was that
the evidence was not admissible because of a lack of relevancy, pursuant to Rules 401
and 402, and that, even if relevant, the testimony was substantially more prejudicial than
probative, in contravention to Rule 403. Nowhere in the brief filed with the trial court did
appellant argue that the evidence was extraneous evidence of other bad acts and we will
not impute to the State the position that the evidence was of an extraneous bad act. 
Throughout the trial, the State maintained that the evidence was direct evidence that
tended to prove appellant was at the scene of the crime on the night in question rather than
evidence of extraneous events. 

 The case before the court is more akin to the factual situation found in Henderson
v. State, 962 S.W.2d 544 (Tex.Crim.App. 1997). At issue in Henderson was the testimony
of a witness that the appellant had admitted that she had committed a murder. The
appellant in Henderson, much like the appellant in the instant case, contended that the
testimony was of an extraneous offense unrelated to the charged offense. However, again 
as in the case before us, the State contended that the testimony related to the principal
offense and was admissible as an admission. The court in Henderson agreed with the
State and ruled that the testimony could rationally be viewed by a jury as an admission to
committing the offense at trial. Id. at 567. 

 We are of the opinion that the testimony regarding appellant's statements could
have rationally been viewed by the jury as an admission and, therefore, the admission of
this evidence did not violate Rule 404(b). Appellant's second issue is overruled.

Rule 403



 Appellant's final contention is that, even if the testimony of Calderon was admissible
as an extraneous act to prove identity, the probative value of the testimony was far
outweighed by its prejudicial impact. The entire thrust of appellant's issue assumes that
the evidence was admitted as an extraneous bad act. As we have already rejected that
proposition, we overrule appellant's third issue.

 Having overruled appellant's issues, the judgment of the trial court is affirmed.


Mackey K. Hancock


Justice






 


 

 

Do not publish. 
1. Further reference to provisions of the Texas Rules of Evidence will be by reference
to "Rule __."



07, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); Ross v. State, 133
S.W.3d 618, 620 (Tex.Crim.App. 2004). In conducting a legal sufficiency review, an
appellate court may not sit as a thirteenth juror, but rather must uphold the jury’s verdict
unless it is irrational or unsupported by more than a mere modicum of evidence. Moreno
v. State, 755 S.W.2d 866, 867 (Tex.Crim.App. 1988). We measure the legal sufficiency
of the evidence against a hypothetically correct jury charge. See Malik v. State, 953
S.W.2d 234, 240 (Tex.Crim.App. 1997).
          When an appellant challenges the factual sufficiency of the evidence supporting his
conviction, the reviewing court must determine whether, considering all the evidence in a
neutral light, the jury was rationally justified in finding the appellant guilty beyond a
reasonable doubt. See Watson v. State, 204 S.W.3d 404, 415 (Tex.Crim.App. 2006). In
performing a factual sufficiency review, we must give deference to the fact finder’s
determinations if supported by evidence and may not order a new trial simply because we
may disagree with the verdict. See id. at 417. As an appellate court, we are not justified
in ordering a new trial unless there is some objective basis in the record demonstrating that
the great weight and preponderance of the evidence contradicts the jury’s verdict. See id. 
Additionally, an appellate opinion addressing factual sufficiency must include a discussion
of the most important evidence that appellant claims undermines the jury’s verdict. Sims
v. State, 99 S.W.3d 600, 603 (Tex.Crim.App. 2003). The Court of Criminal Appeals has
recently declared that, when reviewing the evidence for factual sufficiency, the reviewing
court should measure the evidence in a neutral manner “against a hypothetically correct”
jury charge. Vega v. State, 267 S.W.3d 912, 915 (Tex.Crim.App. 2008) (citing Wooley v.
State, 273 S.W.3d 260, 268 (Tex.Crim.App. 2008)).
Legal Sufficiency
          In order to prove appellant guilty of the offense, as charged in the indictment, the
State was required to prove that: 1) appellant, 2) on or about October 4, 2007, 3) in Potter
County, Texas, 4) was a person required to register with the municipality, Amarillo, Texas,
5) where appellant resided or intended to reside for more than seven days, 6) because of
two reportable convictions for sexual assault. See Tex. Code Crim. Proc. Ann. art.
62.051(a); Malik, 953 S.W.2d at 240.
          Appellant contests the legal sufficiency of the evidence only on the issue of whether
or not the evidence was sufficient to show that he resided or intended to reside in Amarillo
for more than seven days, as of the date of his arrest. Because appellant’s statement was
that he had only been in Amarillo for three or four days prior to his arrest and was leaving
for Waco the day of his arrest, it is his contention that the evidence is not sufficient.
          The following evidence was received by the jury at trial: 1) appellant was released
from ID-TDCJ on June 17, 2007; 2) he had been convicted of two sexual assault cases
that resulted in his imprisonment; 3) the offenses that appellant was convicted of require
him to register as a sex offender; 4) prior to his release, appellant had completed two TDCJ
forms, the “Pre-Release Notification” and “Sex Offenders Verification,” wherein appellant
indicated that he would be residing in Amarillo, Texas, upon release; 5) appellant went
directly to Denver, Colorado, where he stayed approximately two months; 6) after leaving
Denver, appellant ended up in Childress, Texas; 7) appellant left Childress, Texas, on a
Greyhound Bus on September 9, 2007; 8) appellant was arrested on October 4, 2007, and
9) A.A. testified that as of the date of appellant’s arrest she had been seeing him at her
friend’s house for about a month.
          Applying the test of viewing the evidence in the light most favorable to the jury’s
verdict, it is our opinion that the evidence is legally sufficient. Jackson, 443 U.S. at 319;
Ross, 133 S.W.3d at 620. Even though appellant’s statement and the testimony of A.A.
were in conflict, we must remember that it is up to the jury to resolve those sorts of conflicts
in the evidence. Jones v. State, 944 S.W.2d 642, 647 (Tex.Crim.App. 1996). Likewise,
the jury is the sole judge of the credibility of the witnesses and the weight and value to be
give the evidence. Id. When we apply these principles to the evidence before us, we
cannot say that the jury’s verdict was irrational, therefore, the evidence was legally
sufficient. Jackson, 443 U.S. at 319; Ross, 133 S.W.3d at 620. We overrule appellant’s
first issue.
Factual Sufficiency
          Having concluded that the evidence was legally sufficient, we now turn to the issue
of the factual sufficiency of that same evidence. Clewis, 922 S.W.2d at 133. It is clear
that, when we view the evidence in a neutral light, which we must in a factual sufficiency
review, the evidence still demonstrates appellant’s guilt beyond a reasonable doubt. 
Watson, 204 S.W.3d at 415. After the jury completed their assigned task of reviewing the
evidence and making its decision, we cannot grant the jury’s decision the type of deference
it deserves and concurrently find that there is any objective basis upon which to find the
evidence factually insufficient. Id. Appellant would have us declare that A.A.’s testimony
was not reliable and, therefore, the proof was lacking regarding whether or not appellant
had been in Amarillo for more than seven days. However, we are not willing to do so. It
was the jury’s function to listen to the evidence and decide what was believable and what
was not. Id. Since the jury resolved that issue against appellant by returning a verdict of
guilty, we see nothing in the record that indicates the jury was not rationally justified in
finding appellant guilty. Id. Therefore, appellant’s second issue is overruled.
Conclusion
          Having overruled appellant’s issues, we affirm the judgment of the trial court.
 
                                                                           Mackey K. Hancock

                                                                                     Justice







Do not publish.